## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | 3:21-CR-000156 (KAD) |
| *Plaintiff*. ) | |
| ) | |
| v. ) | |
| ) | |
| GABRIEL PULLIAM, ET AL. ) | MAY 10, 2022 |
| *Defendants*. ) | |

### ORDER GRANTING MOTION TO OBTAIN LAPTOP DEVICES (ECF NOS. 227 & 237)

Kari A. Dooley, United States District Judge:

Defendants Gabriel Pulliam, Zaekwon McDaniel, Malik Bayon, Justin Cabrera and Jaivaun McKnight ("Defendants"), having been found to be eligible for services under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, have jointly submitted a motion for the approval of CJA funds to purchase a laptop as authorized by subsection (e) of the CJA and to permit discovery review on a laptop computer at the Donald Wyatt Detention Facility ("Wyatt"). The Court has considered that motion and the opposition submitted by the Government. Defendants' motion is GRANTED as follows:

The Court finds that the requested items and services will significantly facilitate preparation of an adequate defense and constitute, *inter alia*, unusual or extraordinary expenses. The Court further finds that the assistance of the Discovery Coordinator ("DC"), in accessing necessary and appropriate third party vendors to prepare the discovery for review, reduces the burden that might otherwise fall on the Government to a significant extent.

The Court, therefore, approves the following expenses:

[1]  two laptop computers not to exceed $1,500 in costs, **except that counsel will confer with Alan Nelson, the Case Budgeting Attorney for the Second Circuit Court of**

> **Appeals, to determine whether the Administrative Office ("AO") has two laptops available for this case at lesser expense;**

[2] up to two additional internal hard drives for storage, not to exceed $200 in costs;

[3] and Data Mill, Inc.'s (hereinafter "Data Mill") services to lock down and configure the laptops, and thereafter to load the discovery, not to exceed $600, plus shipping costs.

The total expenditures shall not exceed $2,500.

The DC shall provide the laptops to Data Mill to make sure that the capabilities for wireless communication or for copying, sharing, printing, publishing, or transferring any of the discovery are disabled on the laptops. The DC shall provide the discovery to Data Mill. Data Mill shall disable the internet capabilities of each laptop, load the discovery onto the laptops as well as any external hard drives that may be subsequently required to provide the Defendants with access to additional discovery. Data Mill will render the laptops password protected and provide each Defendant with an identification and password that will allow him access. Thereafter, Data Mill shall provide the laptops to the DC.

The only discovery permitted to be uploaded to the laptops is global discovery applicable to all Defendants—there shall be no discovery uploaded that is unique to any one Defendant.

The DC shall confirm that the discovery, including but not limited to, surveillance videos and phone extractions, is viewable on the laptops prior to sending them to the Government.

Upon receipt of the laptops containing the discovery, the Government shall have the opportunity to review the discovery and confirm that the laptops have been properly disabled (See *supra.*). Within 14 days, the Government will deliver the laptops to an Officer designated by Wyatt. Wyatt shall keep the laptops and charging wires in its possession and control when not in

use by a Defendant.

**The Defendants may access the laptops for review of the discovery at times approved by facility personnel. The review may be completed only in Wyatt's Education Department and designated computer rooms. Defendants are not permitted to access the laptops in their housing units.**

The Defendants are prohibited from copying, sharing, printing, publishing, or transferring any of the discovery, except to or with Counsel or members of the legal defense team as designated by Counsel.

Should any of the Defendants violate the access restrictions of this Order, this Court shall rescind that Defendant's access to the laptops.

It is further ordered that Counsel must acquire the approved items in conformance with *Guide to Judiciary Policy,* Volume 7A, § 320.70. Both the acquisition of the computer software and/or hardware and the procurement of litigation support services should be submitted on Form CJA 21 (Authorization and Voucher for Expert and Other Services).

Upon actual purchase, Defendants' Counsel shall provide the Defender Services Office at the Judiciary's AO with a copy of the Court's order approving the request, a copy of the completed Form CJA 21, the purchase order from the vendor and any receiving documents. These documents should be sent to: National Litigation Support Team, Federal Public Defender Organization, 555 12th Street, Suite 650, Oakland, CA 94607-3627.

Because these laptops are for the use of counsel appointed under the CJA and are being purchased with United States government funds, it is further ordered that the approved items are and will remain the property of the United States. The items are to be used only during the representation of the Defendants. Counsel and Defendants must use due diligence and care to

maintain the property in good condition.

No later than the conclusion of the proceedings against the last remaining Defendant in the district court, whether through dismissal of the charges or sentencing, the Institution in which that Defendant is lodged shall return the Electronic Device to his counsel, who will promptly provide it to the AO of the U.S. Courts if it was purchased with CJA funds.

Unless otherwise ordered by the Court, within 30 days after final judgment is entered, Defendant's Counsel is directed to contact the National Litigation Support Team in the AO's Defender Services Office at 510-637-3500 for instructions on returning any software, and directions for deleting case-related material from the laptop computers and returning them to the National Litigation Support Team, or their designee, for the permanent removal of case-related material. Counsel shall also provide all needed accounting information for the acquired software, including any serial numbers, activation codes, or other identifying information, and remove the software from the laptops. The acquired laptop computers must be returned in good condition.

**SO ORDERED** at Bridgeport, Connecticut, this 10th day of May 2022.

>     */s/ Kari A. Dooley*
> KARI A. DOOLEY
> UNITED STATES DISTRICT JUDGE